IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAMEON T. MILES,

    Petitioner,

v.                                                           Civil Action No. 3:10cv254

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Dameon T. Miles, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 1.) Miles challenges his convictions for robbery, malicious wounding, possession of cocaine with intent to distribute, and possession with intent to distribute imitation cocaine. Respondent filed a Motion to Dismiss (Docket No. 7) and Rule 5 Answer (Docket No. 8), providing Miles with appropriate *Roseboro*[2] notice (Docket No. 10). Respondent contends that the statute of limitations bars this action.[3] Miles responded to the motion. In his response, Miles raised a third ground for habeas relief. Respondent has not addressed that third ground. The matter is ripe for adjudication with

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

    The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] Respondent further contends that, even if review on the merits were appropriate, the Court must find Miles's claims procedurally defaulted. Because the Court will decide the matter on another ground, the Court need not reach this argument.

respect to Claims One and Two. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 7) with respect to Claims One and Two.

## I. Procedural History

On November 20, 2007, the Circuit Court of the City of Norfolk ("Circuit Court") sentenced Miles to a term of incarceration of eighty years with fifty-five years suspended pursuant to his convictions. Miles did not appeal.

On December 10, 2008, Miles filed a petition for a writ of habeas corpus in the Circuit Court.[4] On February 23, 2009, the Circuit Court denied Miles's habeas petition. *Miles v. Johnson*, No. CR06003171-00-03/F06 (Va. Cir. Ct. Feb. 23, 2009). Miles filed a notice of appeal with respect to the Circuit Court's denial of his state habeas petition. On August 5, 2009, the Supreme Court of Virginia dismissed Miles's appeal for failure to perfect in the manner provided by law because his petition for appeal did not contain assignments of error as required by Rule 5:17(c)[5] of the Supreme Court of Virginia. *Miles v. Johnson*, No. 090731 (Va. Aug. 5, 2009). On August 13, 2009, Miles filed a second petition for a writ of habeas corpus in the

---

[4] For purposes of this opinion, the Court will assume, as does Respondent, Miles filed his state petition for a writ of habeas corpus on the date he signed the petition.

[5] Rule 5:17(c) provides, in pertinent part:

Form and Content. Under a separate heading entitled "Assignments of Error," the petition shall list the specific errors in the rulings below upon which the appellant intends to rely. Only errors assigned in the petition for appeal will be noticed by this Court. . . . If the petition for appeal does not contain assignments of error, the appeal will be dismissed.

Va. Sup. Ct. R. 5:17(c).

Supreme Court of Virginia. On September 24, 2009, the Supreme Court of Virginia dismissed that petition. *Miles v. Johnson*, No. 091696 (Va. Sept. 24, 2009). On January 19, 2010, the Supreme Court of Virginia denied rehearing. *Miles v. Johnson*, No. 091696 (Va. Jan. 19, 2010).

On April 12, 2010, Miles filed this federal petition for a writ of habeas corpus in the United States District Court, Eastern District of Virginia.[6] Miles raises two grounds on which he is being held in violation of federal law, which he states in his petition as follows:

Claim One: Prosecutorial misconduct in that the prosecutor failed to recommend the sentence agreed upon in a plea agreement.

Claim Two: Ineffective assistance of counsel in that counsel erroneously advised petitioner to plead guilty and misled petitioner into withdrawing his motion to withdraw his guilty plea.

(Pet. 6, 7.) On July 6, 2010, Respondent moved to dismiss on the grounds that, *inter alia*, the above claims were barred by the statute of limitations.

## II. Analysis of the Motion to Dismiss

### A. Statute of Limitations

Federal law imposes a one-year limitations period on state prisoners seeking to file a petition for a writ of habeas corpus. Specifically, 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[6] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Miles has not submitted an affidavit verifying the date on which he delivered his petition to prison authorities for mailing to the Court. Miles also failed to sign and date his original Petition. (Docket No. 1.) However, the memorandum that accompanied the Petition indicates Miles mailed the Petition to the Court on April 12, 2010. The record indicates that the Court received Miles's Petition on April 14, 2010.

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Circuit Court entered its final judgment with respect to Miles on November 20, 2007. Under 28 U.S.C. § 2244(d)(1)(A), Miles's conviction became final on December 20, 2007 because he did not file a notice of appeal to the Court of Appeals of Virginia. *See* Va. Sup. Ct. R. 5A:6(a);[7] *O'Donnell v. Virginia*, No. 3:08cv00018, 2008 WL 3166515, at *2 (E.D. Va. Aug. 5, 2008); *see also Harris v. Hutchinson*, 209 F.3d 325, 327-28 & n.1 (4th Cir. 2000). Therefore, Miles had one year, or until Monday, December 22, 2008, to file any federal habeas challenge to his conviction or sentence. 28 U.S.C. § 2244(d)(1)(A).

---

[7] That rule provides, in pertinent part:

> No appeal shall be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5A:6(a).

B.   <u>Statutory Tolling</u>

Miles filed his state habeas petition on December 10, 2008. The statute of limitation ran for 355 days before Miles filed his state habeas petition. The statute of limitations tolled from December 10, 2008 until February 23, 2009, the period during which Miles's state habeas petition was pending. 28 U.S.C. § 2244(d)(2).

Miles appealed the Circuit Court's denial of his state habeas petition.[8] Respondent contends that Miles's appeal on his state habeas petition "was not properly filed within the meaning of 28 U.S.C. § 2254," and thus, the statute of limitations began to run again on February 24, 2009, the day after the Circuit Court dismissed Miles's state habeas petition. (Respt.'s Mem. Law Supp. Rule 5 Answer & Mot. Dismiss ¶ 20.)

"[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the *form* of the document [and] the time limits upon its delivery . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (second emphasis added). Virginia Supreme Court Rule 5:17(c) prescribes the *form* of petitions to appeal, including the requirement of listing specific errors under the heading "Assignments of Error." Va. Sup. Ct. R. 5:17(c). "Without such a list and heading, the petition does not meet the required *form* of the petition for appeal." *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (emphasis added) (dismissing habeas petition as untimely while refusing to toll time period when appeal before the Supreme Court of Virginia was

---

[8] The United States Court of Appeals for the Fourth Circuit has held that "collateral review proceedings are 'pending,' and that the statute of limitations is therefore tolled, between the denial of post-conviction relief by a state court and the filing of a *timely* petition for appellate review." *Allen v. Mitchell*, 276 F.3d 183, 185 (4th Cir. 2001) (*citing Hernandez v. Caldwell*, 225 F.3d 435, 438 (4th Cir. 2000); *Taylor v. Lee*, 186 F.3d 557, 559 (4th Cir. 1999)).

5

improperly filed pursuant to Rule 5:17(c) for failure to include assignments of error); *Hines v. Johnson*, No. 2:08cv102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009). Thus, a petitioner may not exclude the time between the date a trial court denies a state habeas petition and the date the Supreme Court of Virginia dismisses an appeal for failure to comply with Virginia Supreme Court Rule 5:17(c). *Christian*, 232 F. Supp. 2d at 607; *Hines*, 2009 WL 210716, at * 2 (refusing to exclude time for an improperly filed petition for appeal to the Supreme Court of Virginia).

The Supreme Court of Virginia dismissed Miles's appeal because the petition for appeal did not contain assignments of error as required by Rule 5:17(c). *Miles v. Johnson*, No. 090731 (Va. Aug. 5, 2009). Therefore, Miles's petition for appeal to the Supreme Court of Virginia was not "properly filed," and no time tolled during the pendency of the appeal. Miles had ten days after the dismissal of his state habeas petition, or until Friday, March 6, 2009 to file his federal habeas petition. Miles did not file any habeas petition within that ten-day period. Miles filed his federal habeas petition on April 12, 2010, well beyond the one-year time bar of 28 U.S.C. § 2244(d)(1).[9] Claims One and Two are therefore time barred unless Miles merits equitable tolling.

### C. Miles Is Not Entitled to Equitable Tolling

The Fourth Circuit has found that equitable tolling of the statute of limitations is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. "[T]o be entitled to equitable tolling, an

---

[9] Even if Miles received the benefit of statutory tolling during the pendency of his state habeas proceedings, his federal Petition would still be time barred because Miles failed to file the federal habeas petition within ten days after the Supreme Court of Virginia denied rehearing of dismissal of Miles's second state habeas petition on January 19, 2010.

6

otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). Additionally, a petitioner seeking equitable tolling bears the burden of establishing that he or she has been pursuing his or her rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Miles makes no valid argument as to why the Court should equitably toll the statute of limitations for Claims One and Two, nor does the record indicate that Miles merits equitable tolling. Miles states no circumstance that prevented him from filing Claims One and Two in a timely federal petition. Therefore, the Court will GRANT Respondent's Motion to Dismiss with respect to Claims One and Two. (Docket No. 7.) Claims One and Two will be DISMISSED.

### III. Attempt to Add Claim Three

On September 2, 2010, the Court received from Miles a document titled "AMENDMENT TO BRIEF IN OPPOSITION FILED 7-28-10." In that document, Miles raises a third ground for relief:

> Claim Three: Trial counsel had a conflict of interest because trial counsel previously had represented Larry Tidwell, Jr., the victim of Miles's robbery.

On October 20, 2010, the Court received from Miles a document titled, "PETITION TO AMEND IN SUPPORT OF CONFLICT OF INTEREST" ("Petition to Amend"). In that submission, Miles seeks to introduce a sentencing order from the Circuit Court for the City of Norfolk, which reflects that Miles's trial counsel Michael Kmetz, previously represented the victim Larry Wesley Tidwell, Jr. Respondent has not addressed Claim Three or opposed Miles's

7

addition of such a claim to the present petition. Miles's Petition to Amend to add evidentiary support for Claim Three will be GRANTED.

Within fifteen (15) days from the date of entry hereof, Miles shall file a detailed statement explaining when and how he discovered the facts pertaining to trial counsel's alleged conflict of interest. Within thirty-five (35) days of the date of entry hereof, Respondent shall file his response to Claim Three.

### IV. Conclusion

Based on the foregoing reasons, the Court finds Claims One and Two barred by the statue of limitations. Respondent's Motion to Dismiss (Docket No. 7) will be GRANTED with respect to Claims One and Two. Claim Three will be addressed via separate filings by the parties.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 11-18-10

8